## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **Criminal Action No. 18-10250-DJC** |
| **BRANDON JAMES ZIOBROWSKI** | ) |
| | ) |

## MEMORANDUM AND ORDER

CASPER, J.                                                                                                July 23, 2019

### I.      Introduction

Defendant Brandon James Ziobrowski ("Ziobrowski") has moved to dismiss the indictment against him.  D. 43.  For the reasons stated below, the Court DENIES the motion.

### II.      Factual Background

For consideration of a motion to dismiss an indictment, the Court presumes the allegations of an indictment to be true.  United States v. Dunbar, 367 F. Supp. 2d 59, 60 (D. Mass. 2005); United States v. Bohai Trading Co., Inc., 45 F.3d 577, 578 n.1 (1st Cir. 1995).  Accordingly, the Court summarizes the relevant facts based on the allegations in indictment, D. 3.

Ziobrowski has a Twitter account with the username @Vine_II.  D. 3 at ¶ 2.  His account has more than 400 followers.  Id.  As the government alleges, Ziobrowski's tweets have become more violent and threatening.  D. 3 at ¶ 3.  In or about February 2018, he began posting tweets that promoted violence against law enforcement and, approximately one month later, he began posting threatening messages regarding agents employed by the U.S. Immigration and Customs Enforcement agency ("ICE").  D. 3 at ¶¶ 3-4.  On July 2, 2018, Ziobrowski tweeted the message

that is the subject of the indictment:   "I am broke but I will scrounge and literally give $500 to anyone who kills an ice agent.  @me seriously who else can pledge get in on this let's make this work." D. 3 at ¶ 6.  The Department of Homeland Security's Current and Emerging Threats Center saw the tweet and sent a report to law enforcement agencies throughout the United States.  D. 3 at ¶ 9.  On July 11, 2018, Twitter suspended Ziobrowski's account following a request from the Federal Bureau of Investigation's Joint Terrorism Task Force in Boston.   D. 3 at ¶ 10.

## III.   Procedural History

Based on the allegations in the indictment, a grand jury has indicted Ziobrowski for one count of transmitting in interstate commerce a communication containing a threat to injure the person of another in violation of 18 U.S.C. § 875(c).  D. 3.  On September 6, 2018, Ziobrowski was arraigned on the charge and has pled not guilty.  D. 16.  Ziobrowski has now moved for dismissal of the indictment.  D. 43.  The Court heard oral argument on the motion on July 17, 2019 and took the matter under advisement.  D. 50.

## IV.   Discussion

In support of in his motion to dismiss, D. 43, Ziobrowski makes three principal arguments: 1) the criminal threats statute, 18 U.S.C. § 875(c), under which he has been charged, is unconstitutional on its face because of its application potentially criminalizes political speech; 2) the statute is unconstitutional as applied to Ziobrowski because the charged communication is protected by the First Amendment; and 3) Ziobrowski's communication is protected political speech and not a threat prohibited by § 875(c).

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. Amend. I.  "Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." Citizens United v. Fed. Election Comm'n, 558

U.S. 310, 339 (2010).   Thus, "[t]he First Amendment generally prevents government from proscribing speech, or even expressive conduct, because of disapproval of the ideas expressed" and "[c]ontent-based regulations are presumptively invalid." R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 382 (1992) (internal citations omitted).   This prohibition on regulations that target the content of speech, such as political views, however, does not mean that speech cannot be regulated for other features, such as obscenity or threats.   See id. at 388.

True threats, as relevant here, are not protected speech under First Amendment. Accordingly, whether Ziobrowski's facial challenge and as-applied challenge to § 875(c) succeeds turns upon the nature of the conduct that the statute criminalizes and the nature of the Ziobrowski's alleged conduct as charged in the indictment.

### A.   Facial Challenge to the Constitutionality of 18 U.S.C. § 875(c) Fails

The Court addresses Ziobrowski's facial challenge to the statute first.   Section 875(c) provides that:   "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."   18 U.S.C. § 875(c).   The language of this statute is similar to that of 18 U.S.C. § 871, which criminalizes threats against the President and Vice President of the United States.   Id. (providing, in relevant part, that whoever "knowingly and willfully otherwise makes any such threat against the President, . . . [or] Vice President . . ., shall be fined under this title or imprisoned not more than five years, or both").   The Supreme Court's affirmation of the constitutionality of § 871 on its face is instructive here. Watts v. United States, 394 U.S. 705, 707 (1969) (per curiam).   In considering and reversing a conviction under § 871, the Supreme Court noted that "[c]ertainly the statute under which petitioner was convicted is constitutional on its face." Id. at 707.   It noted, however, that "a statute such as this

3

one, which makes criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind" and that "[w]hat is a threat must be distinguished from what is constitutionally protected speech." Id.  The Court concluded that § 871, facially met this standard since "the statute initially requires the Government to prove a true 'threat,' but further ruled that "[w]e do not believe that the kind of political hyperbole indulged in by petitioner fits within that statutory term." Id. at 708 (vacating judgment); see Virginia v. Black, 538 U.S. 343, 359 (2003) (rejecting facial challenge to state's ban on cross burnings with intent to intimidate and noting that "'[t]rue threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals").

     As to the facial challenge here, this challenge fails for similar reasons.  As at least one court has noted, "[t]he Watts requirement of proof of a 'true threat,' it may be seen, works ultimately to much the same purpose and effect as would be a requirement of proof of a specific intent to execute the threat because both requirements focus on threats which are so unambiguous and have such immediacy that they convincingly express an intention of being carried out." United States v. Kelner, 534 F.2d 1020, 1027 (2d Cir. 1976) (concluding that "a narrow construction of the word 'threat' in the statute here, 18 U.S.C. § 875(c), as approved in Watts, . . . , is consonant with the protection of First Amendment interests").  The same is true here as the facial challenge to § 875(c).  Applying a narrow construction of the prohibited conduct to be a "true threat," this statute which prohibits interstate communication of threat to injure the person of another, is facially constitutional.  See, e.g., United States v. Stock, 728 F.3d 287, 298 (3rd Cir. 2013) (affirming district court's denial of motion to dismiss "because it determined that 'reasonable jurors could conclude certainly conclude that these statements constitute a 'serious statement or communication

which expresses an intention to inflict injury' on [alleged victim] 'at once or in the future'")
(internal citation omitted).

### B.    As Applied Challenge to § 875(c) Also Fails

Ziobrowski also challenges the constitutionality of § 875(c) as it applies to his alleged
conduct.  This challenge also fails given the allegations in the indictment.  Although Ziobrowski
can, at trial, contest whether the government can meet its burden to prove that this communication
constituted a "true threat," the alleged facts in the indictment are sufficient for alleging same.  As
alleged, against a backdrop of having promoted violence against law enforcement officers over a
course of months, Ziobrowski solicited that he would pay $500 to "anyone who kills an ice agent"
and encouraged others to contribute ("who else can pledge[,] get in on this . . .) to "let's make this
work."  D. 3 at 2.  Given these factual allegations, the government has alleged that Ziobrowski
made a true threat against ICE agents with his July 2, 2018 tweet and a jury could reasonably find
that Ziobrowski's communication constituted a true threat violating § 875(c).  See Stock, 728 F.3d
at 301 (affirming denial of motion to dismiss where "we are satisfied that the Government included
sufficient context in the indictment for the District Court to determine that a reasonable jury could
find that Stock's statement expressed an intent to injure in the present or future").

### C.    Whether Alleged Conduct is Protected Political Speech or a Criminal Threat Remains for the Jury to Determine

Although Ziobrowski contests the charge and questions whether the government will be
able to sustain its burden of proof beyond a reasonable doubt at trial, there are sufficient allegations
here from which a reasonable jury could conclude that Ziobrowski committed a criminal threat
under § 875(c) as alleged in the indictment.  That is, as both parties recognized at oral argument,
Ziobrowski can contest at trial that his July 2, 2018 tweet was protected public speech instead of
the criminal threat that the government alleges it to be.  Such dispute is for the jury to decide, after

hearing and weighing all of the evidence, and does not warrant dismissal of the indictment.  see also United States v. Radulovic, 18-cr-10172-IT, D. 33 at 5 (D. Mass. March 15, 2019).

**V.      Conclusion**

For the foregoing reasons, the Court DENIES Ziobrowski's motion for dismissal of the indictment, D. 43.

**So Ordered.**

/s/ Denise J. Casper
U.S. District Judge