UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA    )
                                            )
v.                                          )          Criminal No: 18-cr-10250-DJC
                                            )
BRANDON ZIOBROWSKI          )
_____)

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO ADMIT LAW ENFORCEMENT ALERT REGARDING DEFENDANT'S JULY 2, 2018 TWEET

Now comes the Defendant, Brandon Ziobrowski, in the above-captioned matter and respectfully opposes the Government's Motion in Limine to Admit Law Enforcement Alert Regarding Defendant's July 2, 2018 Tweet. The government seeks to admit the law enforcement alert issued following Mr. Ziobrowski's tweet on the erroneous grounds that it is necessary to prove HSI and ICE's response to the tweet and is therefore relevant in making a determination of whether the tweet was, in fact, a "true threat." Additionally, the government incorrectly argues that the probative value of the Alert outweighs the risk of unfair prejudice to Mr. Ziobrowski.

Admitting this Alert into evidence is contrary to the test for relevant evidence, which provides: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In its motion, the government argues that the Alert is necessary to prove the third element of the offense—that the communication contained a true threat to kidnap or injure a person. However, admitting the Alert into evidence does not prove that Mr. Ziobrowski communicated a threat to injure another. A true threat is "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. *Virginia v. Black*, 538 U.S. 343, 359-60 (2003). Here, Mr. Ziobrowski's tweet was simply an

example of political expression in an environment that encourages users to share opinions and

thoughts in only so many characters per post. In fact, millions of Twitter users have engaged in

political discussions on the site and expressed unpopular or angry sentiment. Additionally, the

government argues that many circuits have determined that evidence of the recipient's reactions

to the alleged threat is relevant in determining whether the statement is a true threat. However,

this Alert is not dispositive on the issue of whether the recipients reacted to the alleged threat.

Indeed, such an Alert is issued anytime such a statement is made somewhere on the public

domain.[1] In fact, it is likely that this tweet was "flagged" by an algorithm, rather than an

individual person connected to law enforcement.[2] Thus, introducing the Alert does not make the

fact of the recipient's reaction more or less probable. Additionally, the Alert is not of

consequence in determining the action. Fed. R. Evid. 401. Accordingly, the Alert is not relevant

to the case at bar.

Moreover, even if the Alert were deemed relevant, it should be excluded pursuant to Fed.

R. Evid. 403 because it is highly prejudicial and likely to inflame the jury. Fed. R. Evid. 403.

Under Rules 401 and 402 of the Federal Rules of Evidence, the court will generally admit

evidence that makes a fact more or less probable than it would be otherwise. Fed. R. Evid. 401,

402. But the court, at its discretion, may exclude such relevant evidence if the evidence would

confuse or mislead jurors, or if its probative value is outweighed by unfair prejudice. Fed. R.

---

[1] *See INTellingence: Open Source Intelligence*, CENTRAL INTELLIGENCE AGENCY,
https://www.cia.gov/news-information/featured-story-archive/2010-featured-story-archive/open-
source-intelligence.html, (last updated Aug. 6, 2018, 2:22 PM).
[2] See Heather J. Williams & Ilana Blum, *Defining Second Generation Open Source Intelligence (OSINT) for the
Defense Enterprise*, RAND CORP., (2018),
https://www.rand.org/content/dam/rand/pubs/research_reports/RR1900/RR1964/RAND_RR1964.pdf. The report
states: that all the "lexical-analysis processes" used to collect data for OSINT rports are "made more efficient
through machine learning . . . [which] is the process of teaching a software program to make decisions independent
of a human after the desired decisionmaking process has first been modeled extensively for the program." *Id.* at 26.

Evid. 403. Unfairly prejudicial means 'an undue tendency to suggest decision on an improper

basis, commonly, though not necessarily, an emotional one.'" *United States v. Jones*, 748 F.3d

64, 70 (*quoting* Fed. R. Evid. 403). The Alert is not probative of the fact of how law enforcement

reacted after the tweet was sent because it is simply an informational report and has no

evidentiary value. Here, the government intends to introduce the Alert to stir the emotions of the

jury—surely the tweet must have been serious enough for HSI to issue an alert to the entirety of

the DHS and FBI. However, such an inference is only inflammatory and thus impermissible

under the Rules of Evidence.

WHEREFORE the Defendant respectfully requests that this Honorable Court deny the

Government's Motion in Limine to Admit Law Enforcement Alert Regarding Defendant's July

2, 2018 Tweet because such Alert is inadmissible.

Respectfully submitted,

/s/ Derege B. Demissie

_____

Derege B. Demissie
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 101
Cambridge, MA 02139
(617) 354-3944
BBO# 637544

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 15, 2019.


/s/ *Derege B. Demissie*
DEREGE B. DEMISSIE