UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>BRANDON ZIOBROWSKI            )<br>_____) | Criminal No: 18-cr-10250-DJC |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO EXCLUDE EVIDENCE OF STATEMENTS MADE BY OTHERS**

Now comes the Defendant, Brandon Ziobrowski, in the above-captioned matter and respectfully opposes the Government's Motion in Limine to Exclude Evidence of Statements Made by Others. Specifically, the Defendant seeks to exclude statements and social media postings by others including President Trump and GOP members "unless (1) there is evidence that the defendant saw or otherwise knew about the statement, and (2) the statement is relevant to determining a fact of consequence at the trial." (Government's Motion, Dkt. 66, pg. 1).

The government erroneously concludes that such statements are irrelevant if Mr. Ziobrowski did not observe the statements or hear about them. The First Circuit has not yet ruled on whether external facts are admissible only if they are relevant to the defendant's state of mind. Here, the statements must be admitted to show the current political climate on social media. Regardless of whether Mr. Ziobrowski actually had knowledge of certain tweets or statements, many such postings made national news because this is the current state of politics.

The government next argues that the tweets or statements would fail the Rule 403 balancing test because they would risk confusing the jury and cause an undue delay in what it expects to be a short trial. Under Rules 401 and 402 of the Federal Rules of Evidence, the court will generally admit evidence that makes a fact more or less probable than it would be otherwise.

Fed. R. Evid. 401, 402. But the court, at its discretion, may exclude such relevant evidence if the evidence would confuse or mislead jurors, or if its probative value is outweighed by unfair prejudice. Fed. R. Evid. 403. Admitting statements made by others does not risk confusing or misleading the jurors as they would clearly be able to discern who made the statements and know that it is Mr. Ziobrowski's tweet that is at issue in this case. Additionally, the tweets are relevant to show that during the time when Mr. Ziobrowski made his statement, the political environment was heated and many people were opposing ICE and President Trump for policy decisions related to immigration.

The context of the political environment in which the use of offensive, alarming, and hyperbolic nature of the political discourse became commonplace from top levels of the government down to regular people is relevant to the jury's consideration on the issue of intent and whether Mr. Ziobrowiski's Tweet was made to communicate a "true threat."

WHEREFORE the Defendant respectfully requests that this Honorable Court deny the Government's Motion in Limine to exclude evidence of statements made by others.

Respectfully submitted,

*/s/ Derege B. Demissie*

_____
Derege B. Demissie
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 101
Cambridge, MA 02139
(617) 354-3944
BBO# 637544

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 15, 2019.

/s/ *Derege B. Demissie*
DEREGE B. DEMISSIE