UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 18-cr-10250-DJC |
| BRANDON JAMES ZIOBROWSKI, | ) ) | |
| Defendant. | ) ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, pursuant to Fed. R. Crim. P. 30, requests that the Court, in addition to its usual instructions in criminal cases, give the following instructions to the jury. The government reserves the right to supplement or amend these instructions up to and during the trial in this case.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     */s/ Jason A. Casey*
Jason A. Casey
B. Stephanie Siegmann
Assistant U.S. Attorneys

Dated: November 18, 2019

## ELEMENTS OF THE OFFENSE:
## <u>TRANSMITTING THREATS IN INTERSTATE COMMERCE</u>

The sole count of the Indictment charges the defendant with transmitting a threat in interstate or foreign commerce.  It is against federal law to transmit in interstate or foreign commerce any communication that contains any threat to injure a person.[1]

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

(1) First, that the communication was sent or transmitted in interstate commerce;

(2) Second, that the defendant intended to send or transmit the communication; and

(3) Third, that the defendant:

      a.  had the purpose of issuing a threat to injure a person, or

      b.  had knowledge that the communication would be viewed as such a threat.[2]

A "threat" is a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.[3]  In proving this crime, the government need not prove that the defendant actually intended to carry out the threat or had the ability to do so; the government need only prove that the defendant made a communication that he intended to be a threat, or knew would be viewed as a threat.[4]  In deciding whether a communication is a threat or would be interpreted as a threat, you should consider the words in a real-world context.[5]  That

---

[1] 18 U.S.C. § 875(c)

[2] 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit – Instruction No. 4.18.875; *Elonis v. United States*, 135 S. Ct. 2001 (2015) (describing elements of offense under 18 U.S.C. § 875(c)).

[3] *Virginia v. Black*, 538 U.S. 343, 359-60 (2003) (defining true threat and providing that the government need not prove defendant intended to carry out the threat).

[4] *Id.*

[5] *United States v. Walker*, 665 F.3d 212, 226 (1st Cir. 2011) (need to consider communication in real-world

includes the circumstances in which the statement was made, the kind of statement made, the place where it was made, how it was made, and its context with respect to the surrounding circumstances.[6]

---

context), *cert. denied,* 132 S. Ct. 2713 (2012)

[6] *United States v. Nishnianidze*, 342 F.3d 6, 16 n.3 (1st Cir. 2003) (circumstances in which the statement was made, the kind of statement, where it was made, how it was spoken, surrounding circumstances)

## INTERSTATE COMMERCE

To prove that a communication was transmitted in interstate or foreign commerce, the government must prove that the communication was electronically transmitted across state lines.[7]

---

[7] *United States v. Houston,* 683 F. App'x 434, 439-40 (6th Cir. Mar. 23, 2017) (finding evidence that call was routed from Tennessee to Louisiana and back to Tennessee sufficient to sustain element in 18 U.S.C. § 875(c) prosecution), *cert. denied,* 138 S. Ct. 286 (2017); *United States v. Phillips,* 376 F. Supp. 2d 6, 8-9 (D. Mass. 2005) (distinguishing statutes that punish transmission in interstate or foreign commerce, such as 18 U.S.C. § 875(c) and 18 U.S.C. § 1343, which require interstate transmission, from statutes that punish transmission via an instrumentality of interstate or foreign commerce, such as 18 U.S.C. § 844(e), which punish intrastate transmission via an instrumentality used in interstate or foreign commerce).

## **PUNISHMENT** [8]

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way.

---

[8] L. B. Sand, *Modern Federal Jury Instructions: Criminal*, § 9-1 (1990).

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW [9]

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

---

[9] 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit – Instruction No. 3.01; *see United States v. Boardman*, 419 F.2d 110, 116 (1st Cir. 1969) ("[J]urors may have the power to ignore the law, but their duty is to apply the law as interpreted by the court, and they should be so instructed.") (*citing Sparf v. United States*, 156 U.S. 51 (1895)); *United States v. Appolon*, 695 F.3d 44, 65 (1st Cir. 2012) (holding that "a district court may instruct a jury that it has a duty to return a guilty verdict if convinced beyond a reasonable doubt of a defendant's guilty on a particular charge").

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was filed through the Electronic Court Filing system on today's date and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Jason A. Casey*
Jason A. Casey
B. Stephanie Siegmann
Assistant U.S. Attorneys