UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 18-cr-10250-DJC |
| BRANDON JAMES ZIOBROWSKI, | ) ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
IMPROPER CHARACTER EVIDENCE CONCERNING THE DEFENDANT**

The United States (the "Government") seeks an order *in limine* precluding the defendant from introducing improper character evidence from witnesses during the trial. This case involves a threat published by the defendant on the internet to kill Immigration and Customs Enforcement ("ICE") Agents, in violation of 18 U.S.C. § 875(c). Although the government must establish that the defendant acted with criminal intent – that is, that he intended his statement to be perceived as a threat, or knew it would be perceived that way – the government does not need to establish that the defendant intended to carry out the threat, or even that he was capable of acting on it. Thus, testimony concerning the defendant's character for non-violence, or similar testimony concerning the defendant's character, is not pertinent to the charge in the Indictment or admissible under Fed. R. Evid. 404(a)(2)(A).

Similarly, the Government seeks to preclude defense witnesses from testifying that the defendant lacked the criminal intent necessary to commit the crime charged in the Indictment. Although this is not character evidence, it is conceivable that witnesses called by the defendant to testify about his good character may, in that context, tell the jury that the defendant was joking, or

that he otherwise did not intend to threaten ICE Agents.  Such testimony would be highly speculative and inadmissible.

## Relevant Background

The indictment against Ziobrowski contains just one count, which alleges that Ziobrowski violated 18 U.S.C. § 875(c) by knowingly transmitting in interstate and foreign commerce a communication that contained a threat to injure another person, and that he did so "intending that his message communicate a threat and knowing that it would be interpreted as a threat." Indictment (Dkt. 3) ¶ 12.  The charge stems from a message Ziobrowski posted on Twitter on July 2, 2018, in which he stated:

> I am broke but I will scrounge and literally give $500 to anyone who kills an ice agent. @me seriously who else can pledge get in on this let's make this work

*Id.* ¶ 6.  The indictment further alleges that this tweet was "designed to encourage violence and the murder of law enforcement agents." *Id.* ¶ 8.  To convict the defendant, among other things, the government will need to prove that the defendant intended that the communication (the tweet) be interpreted as a threat to injure a person, or had knowledge that it would be viewed as a threat. *Elonis v. United States*, 135 S. Ct. 2001, 2012 (2015); *United States v. Radulovic*, No. 18-cr-10172-IT (D. Mass.), March 15, 2019 Order (Dkt. 33) at 4.  The government does not need to prove that the defendant actually intended to carry out the threat or had the ability to do so; the government need only prove that the defendant made a communication that he intended to be a threat, or knew would be viewed as a threat. *See Virginia v. Black*, 538 U.S. 343, 359-60 (2003) (defining true threat and providing that the government need not prove defendant intended to carry out the threat).

Fed. R. Evid. 404 governs the admissibility of character evidence in a criminal case.  Rule 404(a)(2)(B) states that a defendant "may offer evidence of the defendant's *pertinent* trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."  *See* Fed. R. Evid.

404(a)(2)(B) (emphasis supplied). "The word 'pertinent' is read as synonymous with 'relevant.'" *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982). "Thus, the basic issue is whether the character trait in question would make any fact of consequence to the determination of the case more or less probable than it would be without evidence of the trait." *Id.* (citing Fed. R. Evid. 401) (internal quotations omitted).

## Legal Argument

The Government seeks to preclude the defendant from introducing evidence concerning his character for non-violence, or other similar character traits.[1] The sole charge of the Indictment in this case does not require the Government to prove that the defendant intended to act on the threat against ICE Agents, or that he was capable to doing so. *Virginia v. Black*, 538 U.S. at 359-60. Stated differently, the Government does not have to prove that the defendant acted violently, or that he intended to act violently. The Government merely has to prove that he intentionally transmitted a threatening communication and that, at a minimum, he knew the communication would be interpreted as a threat. *See Elonis*, 135 S. Ct. at 2012. Whether or not the defendant has a non-violent character, therefore, is not relevant to any fact of consequence to the determination of the case. *See* Fed. R. Evid. 401 (defining relevant evidence). Not only that, but permitting this type of improper character evidence would risk confusing the jury regarding what exactly the Government must prove in order to establish the defendant's guilt. In other words, by arguing to the jury that he is non-violent, the defendant would necessarily suggest to the jury that the Government must prove that he *is* violent, or that he intended to act violently. This type of

---

[1] The defendant recently filed a witness list, which contains the names of four acquaintances and one family member (his father). *See* Dkt. 74. Although the Government is not privy to precisely what these witnesses will testify to, it seems likely that they may attempt to give testimony concerning the defendant's good character and, in particular, his character for non-violence and peacefulness.

3

misleading testimony, even if it was relevant, would improperly confuse and mislead the jury. *See* Fed. R. Evid. 403 (excluding relevant evidence if it would unfairly mislead or confuse the jury).

Similarly, the defense witnesses should be precluded from testifying that the defendant lacked the criminal intent necessary to commit the crime charged in the Indictment (*e.g.*, "the defendant was joking"). Whether based on the witness's opinion or something the defendant told the witness, such testimony is inadmissible. If it is opinion, testimony about the defendant's intent would be outside the witness's personal knowledge and, therefore, highly speculative. If such testimony is based on something the defendant told the witness, it would be inadmissible hearsay.

WHEREFORE, for the reasons set forth above and pursuant to Fed. R. Evid. 401, 403 and 404, the Government respectfully asks the Court to enter an order *in limine* precluding the defendant for introducing testimony and evidence concerning his character for non-violence or other similar traits, and also precluding defense witnesses from testifying that the defendant lacked the intent necessary to violate Section 875(c).

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ Jason A. Casey*
        Jason A. Casey
        B. Stephanie Siegmann
        Assistant U.S. Attorneys

Dated: November 24, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed through the Electronic Court Filing system on today's date and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                              /s/ *Jason A. Casey*
                                              Jason A. Casey
                                              B. Stephanie Siegmann
                                              Assistant U.S. Attorneys