UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 18-cr-10250-DJC |
| BRANDON JAMES ZIOBROWSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE**
**IRRELEVANT HEARSAY IN DEFENSE EXHIBITS**

The United States moves to exclude each of the defendant's eighteen proposed trial exhibits. These exhibits all contain inadmissible hearsay. Even if the exhibits are not offered for the truth of the matters asserted, they are not sufficiently relevant to the issues that will be decided at trial. Furthermore, whatever scant probative value these exhibits might have is substantially outweighed by the risk that they will confuse and mislead the jury, and waste time during the trial.

The Indictment in this case contains just one count, which alleges that the defendant violated 18 U.S.C. § 875(c) by knowingly transmitting in interstate and foreign commerce a communication that contained a threat to injure another person, and that he did so "intending that his message communicate a threat and knowing that it would be interpreted as a threat." Indictment (Dkt. 3) ¶ 12. The charge stems from a message the defendant posted on Twitter on July 2, 2018, in which he stated:

> I am broke but I will scrounge and literally give $500 to anyone who kills an ice agent. @me seriously who else can pledge get in on this let's make this work

*Id.* ¶ 6. On November 20, 2019, counsel for the defendant shared with the Government eighteen exhibits that he intends to offer into evidence at trial. All of these proposed exhibits are either

photographs of portions of the defendant's Twitter page reflecting tweets that the defendant himself posted, or posts made by other Twitter users that the defendant adopted and posted to his own Twitter page.[1] Many of the tweets and retweets were posted to the defendant's account on July 2, 2018 – the same day the defendant published the threat to kill agents of U.S. Immigration and Customs Enforcement ("ICE") that is the subject of this case.  *See* Def. Ex. 2, 3, 4, 5, 7, 8, 11 and 15.  Other exhibits reflect tweets made by the defendant after July 2, 2018, *see* Def. Ex. 6, 9, 12, 13, 14, 16, 17 and 18, while two others are not dated at all, *see* Def. Ex. 10 and 15.

To begin with, tweets published by the defendant *after* the threat that is the subject of this case should not be admitted into evidence.  Assuming they will be offered for some non-hearsay purpose, based solely on the date they were published, such statements say nothing about the defendant's state-of-mind or his intent *at the time he posted the threatening tweet*.  Even if the date of these tweets didn't render them irrelevant, the subject matters that they discuss – the defendant's views on Amazon.com, for example – further establish their irrelevance and inadmissibility. What's more, to the extent the Court finds that these exhibits have *any* probative value, that marginal value is substantially outweighed by their tendency to confuse and mislead the jury, not to mention waste time during what should be a relatively short trial.  For these reasons, defendant's exhibits 6, 9, 12, 13, 14, 16, 17 and 18 should be excluded under Fed. R. Evid. 401 and 403.

The defendant's other exhibits, exhibits 1, 2, 3, 4, 5, 7, 8, 10, 11 and 15, also appear to be irrelevant, confusing, likely to mislead the jury, and certain to waste time during the trial.  These exhibits are primarily tweets that the defendant published or retweeted on July 2, 2018, either

---

[1] A "retweet" is a tweet authored and posted to Twitter by a particular user that another Twitter user subsequently adopts and posts to his or her own account.

sometime before or sometime after the tweet in which he threatened ICE agents.[2]  Many of them

discuss topics that have absolutely nothing to do with the issues that will be relevant during the

trial: namely the defendant's attitude toward law enforcement generally and ICE agents in

particular (relevant to his intent when posting the July 2 tweet), and then-current events concerning

U.S. immigration policies and ICE of which the defendant was aware (also relevant to intent

because it explains why the defendant was angry enough to threaten ICE agents, among other

reasons).  For example, exhibit 4 contains two retweets posted by the defendant to his Twitter

account on July 2 regarding a Hollywood actress and the Governor of Kentucky.  In exhibits 7 and

8, the defendant himself makes statements in two separate tweets about racism and libertarians.  It

is entirely unclear to the Government how these exhibits are relevant to issues that will be decided

at trial, particularly the defendant's intent when he posted the threatening tweet.  On the other

hand, these exhibits are almost certain to confuse the jury and waste time.  Thus, exhibits 1, 2, 3,

4, 5, 7, 8, 10, 11 and 15 must also be excluded.

WHEREFORE, for the reasons set forth above and pursuant to Fed. R. Evid. 401, 403 and

802, the Government respectfully asks the Court to issue an order excluding each of the

defendant's eighteen proposed trial exhibits.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     /s/ Jason A. Casey
        Jason A. Casey
        B. Stephanie Siegmann
Dated: November 25, 2019            Assistant U.S. Attorneys

---

[2] Exhibits 10 and 15 have no date, making it difficult for the Government to determine how exactly they are relevant.  That said, the subject matters discussed by the defendant in those exhibits suggest no obvious connection to the issues that will be decided during the trial.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was filed through the Electronic Court Filing system on today's date and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Jason A. Casey*
Jason A. Casey
B. Stephanie Siegmann
Assistant U.S. Attorneys