UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No: 18-cr-10250-DJC |
| BRANDON ZIOBROWSKI | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO EXCLUDE CHARACTER EVIDENCE CONCERNING THE DEFENDANT**

Now comes the Defendant, Brandon Ziobrowski, in the above-captioned matter and respectfully opposes the Government's Motion in Limine to Exclude Character Evidence Concerning the Defendant. Specifically, the Government seeks to prohibit potential witnesses from testifying about the defendant's character for non-violence pursuant to Fed. R. Evid. 404(a)(2)(A).

The government erroneously concludes that such statements would be "highly speculative and inadmissible." (Government's Motion, Dkt. 75 at 1-2). However, the Federal Rules of Evidence permits the use of character evidence of the defendant in a criminal trial. Specifically, Rule 404(a)(2)(A) permits: "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." See Fed. R. Evid. 404(a)(2)(A); see also United States v. Cudlitz, 72 F.3d 992, 995-96 (1st Cir. 1996) (defendant permitted to admit evidence of good character). In United States v. LaFontaine, the Northern District of Iowa admitted audio recordings of the defendant which tended to reflect on the defendant's peacefulness, a trait relevant to the charged offense (18 U.S.C. § 875) even though the statute did not require proof that the defendant intended to carry out the alleged threat. See United States v. LaFontaine, 2015 U.S. Dist. LEXIS 140212 (N.D. IO 2015).

Evidence of Mr. Ziobrowski's peaceful character is directly relevant in his defense against the charge because it is probative on the issue of intent. As the Supreme Court held in <u>Elonis</u>, a conviction for communicating threats cannot be grounded solely on "what the statement conveys" but instead requires proof of a mental state. See <u>Elonis</u>, 135 S. Ct. 2001, 2008, 2012 (noting that while the word "threat" literally relates to the meaning of a statement alone, a conviction for communicating threats does not turn solely on the results of an act without considering the defendant's mental state).

The Government also contends that such evidence is inadmissible because it risks confusing or misleading the jury, which is impermissible pursuant to Fed. R. Evid. 403. However, any risk of confusing the jury is cured with a proper jury instruction.

Furthermore, evidence of Mr. Ziobrowski's character is admissible as a habit. A habit "describes one's regular response to a repeated specific situation." Rule 406, F.R.E., Advisory Committee Notes; Weissenberger's Federal Evidence Courtroom Manual, § 406 (7th ed. 2011) ("concept" of a habit "is best understood as a person's regular practice of meeting a particular kind of situation with a specific type of responsive conduct"). Habit evidence "may be probative of '"the regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn."'" <u>United States v. Newman</u>, 982 F.2d 665, 668 (1st Cir. 1992) (quoting Advisory Committee Notes of Rule 406, quoting McCormick, Evidence § 195 at 826). In contrast, "[c]haracter is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness." Rule 406, F.R.E., Advisory Committee Notes. Mr. Ziobrowski has a habit of making outrageous comments on

social media in response to politics; however, he has never acted on any of the statements and does not intend to communicate a threat.

    WHEREFORE the Defendant respectfully requests that this Honorable Court deny the Government's Motion in Limine to Exclude Character Evidence Concerning the Defendant because such evidence is admissible under the Federal Rules of Evidence 404(a)(2)(A) and 406.

Respectfully submitted,

*/s/ Derege B. Demissie*
_____
Derege B. Demissie
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 101
Cambridge, MA 02139
(617) 354-3944
BBO# 637544

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2019.

/s/ *Derege B. Demissie*
DEREGE B. DEMISSIE