UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> BRANDON JAMES ZIOBROWSKI, ) <br> ) <br> Defendant. ) <br> ) | Crim. No. 18-cr-10250-DJC |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE CONCERNING THE DEFENDANT**

As his counsel indicated in his opening statement, Mr. Ziobrowski's defense appears to be that his July 2, 2018 tweet was hyperbolic, protected speech, not a true threat. In support of that defense, Mr. Ziobrowki apparently intends to call a number of witnesses to testify concerning Mr. Ziobrowski's character. Although it is not entirely clear exactly the type of character testimony these witnesses may offer if called to testify, the government recognizes that, as a general matter, *relevant and specific* character traits of the defendant may be admissible under Fed. R. Evid. 404(a)(2)(A).[1] For example, to the extent these witnesses testify that, in their opinion, Mr. Ziobrowski is a law-abiding person, such testimony may well be admissible under Rule 404 provided a proper foundation is laid. *Id.* (holding evidence of a defendant's character as a law-abiding person is admissible); *but see United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982) (finding that evidence of the defendant's good character, in general, is not admissible because "good character" is not a specific character trait). On the other hand, these witnesses should not

---

[1] The government has argued, and the Court agreed, that evidence of Mr. Ziobrowski's character for peacefulness or non-violence is not admissible insofar as those are not pertinent character traits in this case. *See* Dkt. 75 (government's motion to exclude improper character evidence).

be permitted to testify that Mr. Ziobrowski did not, in their opinion, intend to threaten ICE agents or other law enforcement officers on July 2, 2018. *See* Dkt. 75 at 4 (noting that testimony about the defendant's intent – *i.e.*, "the defendant was joking" – would be either speculation, or inadmissible hearsay). That type of testimony would go far beyond what is permitted under the Rule 404, or any other Rule of Evidence.

Although not in his written pleadings, counsel for the defendant has argued that defense witnesses should be permitted to testify concerning the defendant's reputation for communicating (on the internet, the government presumes) in a hyperbolic manner or tone. As a preliminary matter, the government does not believe that the defendant's manner of speaking on the internet actually constitutes a character trait, nor has the defendant identified any legal authority for this proposition. Nonetheless, if the Court is inclined to allow opinion testimony from defense witnesses concerning the manner in which the defendant communicates online, that testimony must comply with Fed. R. Evid. 405. Under Rule 405, a relevant character trait may only be proven by "testimony about the person's reputation, or by testimony in the form of opinion." Fed R. Evid. 405(a). Relevant, specific instances of a person's conduct can only be used to prove a relevant character trait where the trait "is an essential element of … [the] charge…." Fed. R. Evid. 405(b). In determining whether person's character is essential element of a charge so that specific instances of conduct are admissible to prove character, the relevant question is "whether proof or failure of proof of the character trait by itself actually satisfies an element of the charge, claim, or defense." *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995). In *Keiser*, therefore, the Ninth Circuit held that proof of the victim's character for violence in an assault prosecution could not be proven by specific instances of conduct because "a successful defense in no way depended on …

[the defendant] being able to show that the [victim] … has a propensity toward violence." *Id.* at 857.

Here, Mr. Ziobrowski is charged with transmitting a threat to injure another person in interstate commerce in violation of 18 U.S.C. § 875(c). Among other things, the government must prove that Mr. Ziobrowski transmitted the communication for the purpose of issuing a threat, or with knowledge that it would be interpreted as a threat. Given the charge against him and its legal elements, Mr. Ziobrowski's supposed character for being hyperbolic is not an essential element of a defense. Indeed, even if the jury believes that Mr. Ziobrowski possesses that trait, it would still be free to conclude that the July 2nd tweet was not hyperbole (*i.e.* that it was a purposeful threat), or that Mr. Ziobrowski acted with knowledge that the communication would be interpreted as a threat. *Cf. Keiser*, 57 F.3d at 857 ("A defendant could, for example, successfully assert a claim of self-defense against an avowed pacifist, so long as the jury agrees that the defendant reasonably believed unlawful force was about to be used against him."). Stated differently, because evidence that Ziobrowski communicates hyperbolically could only be used circumstantially to create an inference that he acted in conformity with that trait on July 2nd, Rule 405 allows proof of the trait only by reputation and opinion. *See United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992) ("When character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character, Rule 405 allows proof of character only by reputation and opinion."). Should the defendant call character witnesses during the trial, therefore, they should not be permitted to testify concerning the defendant's individual tweets (including, most notably, the July 2nd tweet), or any other instance of specific conduct.

Finally, Mr. Ziobrowski's supposed affinity for communicating hyperbolically online is not admissible under Fed. R. Evid. 406 as a habit or routine practice. A person's habit or routine

practice "can only be proved by numerous instances of actual practices, and not by opinion of a witness." *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 518 n.66 (4th Cir. 1977). "A person seeking to establish custom or usage has the burden of proving it by evidence so clear, uncontradictory and distinct as to leave no doubt as to its nature and character." *Id.* To the extent the defendant intends to elicit from his witnesses that the defendant has a habit of communicating hyperbolically on Twitter, that testimony would necessarily hinge on the witness's opinion of the defendant's individual tweets, not on clear facts. For this reason alone, the defendant's way of communicating on Twitter is not admissible under Rule 406.

Lastly, with respect to the foundational requirements of Fed. R. Evid. 406, the government notes that that the regularity of the conduct alleged to be habitual rests, according to the First Circuit, on an analysis of instances "numerous enough to [support] an inference of systematic conduct and to establish one's regular response to a repeated specific situation." *United States v. Newman*, 982 F.2d 665, 668, (1st Cir. 1992) (internal quotations omitted). "The requisite regularity is tested by the ratio of reaction to situations." *Id.* (internal quotations omitted). Before the defendant attempts to elicit testimony from witnesses about his supposed habit for communicating hyperbolically on Twitter under Rule 406, the government asks that the Court require his counsel to proffer outside of the jury's presence information about the witness's testimony – namely, information that will allow the Court to assess "the adequacy of the sampling" to which the witness would testify, as well as information about the uniformity of the defendant's response. Such a proffer will allow the Court to determine whether counsel is likely to be able to meet the foundational requirements of Rule 406, while reducing the likelihood that the jury is exposed to inadmissible testimony and evidence.

For the reasons detailed above and in the government's motion *in limine*, the government respectfully asks the Court to exclude testimony regarding the defendant's style of communicating on Twitter through defense witnesses regardless of whether it is characterized as character or habit evidence.

                Respectfully submitted,

                ANDREW E. LELLING
                United States Attorney

By:   */s/ Jason A. Casey*
       Jason A. Casey
       B. Stephanie Siegmann
       Assistant U.S. Attorneys

Dated: December 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system on today's date and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                /s/ *Jason A. Casey*
                Jason A. Casey
                B. Stephanie Siegmann
                Assistant U.S. Attorneys